

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Mr. Cavness:

Opinion No. O-4845

Re: Claim of the State of Texas against Red River County under S. J. R. 45, Forty-sixth Legislature, Regular Session.

Your letter of recent date submits for the consideration of this Department certain questions involving House Joint Resolution No. 45, Regular Session, Forty-sixth Legislature.

House Joint Resolution No. 45 proposed an amendment to the Constitution of the State of Texas to permit Red River County to levy a 25¢ ad valorem tax to refund the outstanding warrant indebtedness of the General Fund of that county by the issuance of bonds.

Section 2 of the resolution provides:

"Section 2. The foregoing amendment to the Constitution to the State of Texas shall be submitted to the qualified voters of the State on the first Tuesday following the first Monday in November, 1940. * * *."

Section 3 provides:

"Section 3. The Governor of the State of Texas is hereby directed to issue the necessary proclamation and to have necessary proclamation for said election and to have same published as required by the Constitution for amendments thereto."

Section 4 of the resolution provides:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Section 4. The sum of Five Thousand Dollars ($5000.00), or so much thereof as may be necessary, is hereby appropriated out of any funds in the Treasury of the State not otherwise appropriated to pay the expenses of such publication and election, which shall be refunded to the State of Texas by Red River County out of its General Fund or any other Available Fund. Provided that no election shall be held until Red River County shall first deposit with the State Treasurer the sum of Five Thousand Dollars ($5000.00) with which to pay such expense of said election."

You advise that the deposit required by the resolution was never made by Red River County, and that the expense of such election has not yet been paid to the State by Red River County. You are further advised that, apparently overlooking the fact that the election was not to be held until after such time as Red River County had deposited with the State Treasurer the required $5000.00, the Secretary of State proceeded with the arrangements for the election, and the election was actually held.

Upon these facts, you submit the question whether the State has a claim against Red River County for the expenses of holding such election; and also whether the Secretary of State is personably liable.

Any liability of the then-Secretary of State would depend upon the question whether the provision of the resolution that no election should be held until Red River County should deposit $5000.00 with the State Treasurer was valid. It is our opinion that such provision is unconstitutional. Article 17 of the Constitution confers the authority upon the Legislature to propose constitutional amendments. It requires that the Legislature, in proposing constitutional amendments, shall specify the time of the election. "* * * The Constitution does not warrant a conditional provision for the election, or provision for a conditional election. The right to the election is absolute and can not be defeated. * * *." -- Cartledge v. Wortham, (Tex. Sup. Ct.) 153 S. W. 207. The condition is void, and is ineffectual to displace the requirement of the resolution that the election shall be held on a specified day. -- Cart-

183

ledge v. Wortham, supra. The election, therefore, was properly held, and it follows that no liability for holding it can rest upon the Secretary of State.

Is Red River County obligated to refund to the State the expenses of such election? This question must likewise be answered in the negative. The powers and duties of the counties of this State can only be prescribed by law. The Constitution requires that all laws shall be passed by bill, (Article 3, Section 30), and prescribes in detail the procedure through which such bills must go before they shall become law. (Sections 32, 35, 37, 38 and 39). The submission of constitutional amendments is by joint resolution of both houses of the Legislature, under Article 17 of the Constitution. Article 17 authorizes the Legislature only to "propose amendments to the Constitution", and to fix the time of the election. Through the medium of the Joint Resolution authorized by Article 17, the Legislature is not empowered to pass laws regulating the affairs of counties.

Furthermore, in our opinion, the Legislature by law passed according to the mode prescribed by the Constitution could not constitutionally require Red River County to defray the expense of this election. Article 3, Section 56, of the Constitution prohibits the passing of local or special laws regulating the affairs of counties. The holding of elections for constitutional amendments is a matter of Statewide, rather than of local concern, and this is true though the amendment may operate upon and affect only a single county within the State. Thus, any law attempting to settle the entire expense of such an election upon Red River County would, in our opinion, be special and local, and therefore void.

Trusting that the foregoing satisfactorily answers your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 26, 1943

By

R. W. Fairchild
Assistant

ASSISTANT
ATTORNEY GENERAL

RWF-MR

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN